IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KONINKLIJKE PHILIPS N.V.,

                              Plaintiff,

        v.

QUECTEL WIRELESS
SOLUTIONS CO. LTD., CALAMP
CORP., XIRGO TECHNOLOGIES,
LLC, LAIRD CONNECTIVITY,
INC., and EAGLE ELECTRONICS
INC.,

                              Defendants.

Civil Action No. 20-1710-CFC

---

## MEMORANDUM ORDER

Pending before me is Defendant Quectel Wireless Solutions Co. Ltd.'s

Motion in Limine No. 3: Preclude Evidence, Testimony, or Argument Regarding

Quectel's Alleged Use of Philips' Patent Portfolio. D.I. 403-20. Quectel seeks by

the motion an order barring Philips "from suggesting [at trial] that Quectel uses,

practices, or otherwise benefits from patents within Philips'[] broader patent

portfolio that are not asserted in this case." D.I. 403-20 at 3. Quectel says that it is

entitled to such an order under Federal Rules of Evidence 401, 402, and 403.

D.I. 403-20 at 5.

Although Philips filed an opposition to the motion, it does not say anywhere

in that opposition that it intends or wants to suggest at trial that Quectel uses,

practices, or otherwise benefits from patents within Philips' broader patent portfolio that are not asserted in this case. (Philips says in its opposition that "Quectel's arguments for exclusion **baselessly assume** Philips will try to prove Quectel infringes *unasserted* patents." D.I. 403-20 at 27 (italics in the original) (underline and bold added). And Philips represents in its opposition that it "will not argue that it is entitled to damages for unasserted patents." D.I. 403-20 at 27.) Accordingly, I will GRANT the motion.

To be clear: Although Quectel states in its motion that "[e]vidence or argument referencing Philips'[] broader [patent] portfolio would not make any fact of consequence to the infringement or validity of the patents-in-suit more or less probable and is of no consequence to determining this action," and that "[a]ny reference to the unasserted portfolio also threatens to mislead the jury into believing that the scope of this case is broader than the discrete patents-in-suit," D.I. 403-20 at 5, it did not move to preclude, and this Order does not preclude, Philips from adducing at trial evidence or argument that makes reference to Philips' patent portfolio.

Licenses of Philips' patent portfolio are relevant to the amount of damages Philips seeks for infringement of the asserted patents. *See also* D.I. 403-20 at 100 (Quectel saying in its reply that it "does not seek to exclude Philips'[] licenses.").

And Quectel put Philips' entire patent portfolio squarely at issue with Quectel's "Breach of FRAND Contract" Counterclaim I.

I also do not agree that references to Philips' portfolio will mislead the jury. The fact that Philips offered Quectel a license for its entire portfolio as opposed to just the specific asserted patents in that portfolio does not necessarily suggest that Quectel uses, practices, or otherwise benefits from patents within Philips' broader patent portfolio that are not asserted in this case. For me to watch certain sports channels, my cable television provider requires that I pay for a portfolio of channels that includes many channels I do not watch, have no interest in, and derive no benefit from. I will instruct the jury that Philips has alleged that Quectel infringed two patents and that any award of damages to Philips should be for infringement of only those two patents. I am confident the jury will understand and abide by that instruction.

NOW THEREFORE, at Wilmington on this Fourth Day of August in 2026, it is HEREBY ORDERED that:

1. Defendant Quectel Wireless Solutions Co. Ltd.'s Motion in Limine No. 3: Preclude Evidence, Testimony, or Argument Regarding Quectel's Alleged Use of Philips' Patent Portfolio (D.I. 403-20) is GRANTED; and

2. Philips is precluded from suggesting at trial that Quectel uses, practices, or otherwise benefits from patents within Philips' broader patent portfolio that are not asserted in this case.

_____

CHIEF JUDGE